[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14157

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRIAN OMAR CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00150-CEM-EJK-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Brian Campbell appeals his 20-month sentence imposed upon the revocation of his supervised release. Campbell asserts that the district court violated his due process right to not be sentenced based on false or unreliable information. He also argues that his above-guideline sentence is substantively unreasonable. After careful review of the parties' arguments, we affirm Campbell's sentence.

**I**

We review de novo whether a district court violated a defendant's due process right to not be sentenced based on false or unreliable information. *United States v. Ghertler*, 605 F.3d 1256, 1268 (11th Cir. 2010). At sentencing, the district court "may consider any information, (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *Id.* at 1269 (quotation marks omitted). The defendant, however, has a due process right "not to be sentenced based on false or unreliable information." *Id.* To prevail on a challenge to a sentence based on the court's consideration of false or unreliable information, the defendant must show "(1) that the challenged evidence is materially false or unreliable and (2) that it actually served

as the basis for the sentence." *Id.* The defendant "bears the burden of showing that the court explicitly relied on the information." *Id.* (quotation marks omitted).

Here, the district court did not violate Campbell's due process right to not be sentenced based on false or unreliable information—an undated video that purports to show Campbell brandishing firearms. As an initial matter, we need not address whether Campbell established that the video was materially false or unreliable because Campbell ultimately fails to establish the second prong outlined in *Ghertler*—that the video actually served as the basis for his sentence. *Id.* at 1269. Although the district court admitted the video into evidence, it did not give any indication that the video would serve as a basis for sentencing. Indeed, after admitting the video, the district court did not reference the video or firearms again. When sentencing Campbell, the district court discussed reasons unrelated to the video and the use of firearms, including Campbell's unsupported explanation for failing to provide a urine sample, his history of probation violations, his ability to find a different job to make restitution payments, his impact on the lives of the victims of his underlying offenses, and his lack of remorse. Thus, the district court did not violate Campbell's due process rights at sentencing because Campbell did not establish that the court relied on false or unreliable information to determine his sentence. *Ghertler*, 605 F.3d at 1269.

## II

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). "In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *Id.* at 1355 (quotation marks omitted). The appellant bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court may impose an upward variance based on the § 3553(a) factors. *See Butler*, 39 F.4th at 1355. Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.* The court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Butler*, 39 F.4th at 1355 (quotation marks omitted). The

court "commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *Id.*

While the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *Id.* Additionally, a court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Id.* at 1356 (quotation marks omitted and alteration adopted). The court "need not state on the record that it has considered each of the § 3553(a) factors." *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Rather, an acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *Id.* Furthermore, a sentence imposed "within the statutory maximum" may indicate reasonableness. *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).

Here, the district court did not abuse its discretion. To the extent that Campbell argues that the district court imposed a substantively unreasonable sentence because it relied on the video, that argument fails for the same reasons as described above. *See Ghertler*, 605 F.3d at 1269. Additionally, the district court explicitly stated that it considered the § 3553(a) factors during Campbell's sentencing. *Butler*, 39 F.4th at 1355–56; *Turner*, 474 F.3d at 1281. In imposing Campbell's sentence, the court discussed the nature and circumstances of his violations, referring to them as "pretty bad technical violations" and noting that he could have gotten a

different job to make restitution payments.  It also discussed his history and characteristics, including his past probation violations and his lack of remorse.  *See* § 3553(a).  In sum, district court did not abuse its discretion because Campbell's 20-month sentence is substantively reasonable based on the totality of the circumstances, and the court properly considered the relevant § 3553(a) factors. *See* § 3553(a); *Butler*, 39 F.4th at 1355–56; *Turner*, 474 F.3d at 1281.

**AFFIRMED.**